# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF
# IOWA CENTRAL DIVISION

| | |
|---|---|
| CHARLES R. APLIN, JR, <br><br> PLAINTIFF, <br><br> vs. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> DEFENDANT. | **Civil Action No.** <br><br> **COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, CHARLES R. APLIN ("Plaintiff" or "APLIN"), by and through his attorney, L. Ashley Zubal, and for his Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant" or "PORTFOLIO RECOVERY"), alleges as follows:

## I.    INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's repeated violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. Section 227 *et seq.*, the Federal Fair Debt Collection Practices Act, (hereinafter "FDCPA") 15 U.S.C. § 1692, *et seq*, the Iowa Debt Collection Practices Act, § 537.7103, *et seq.*, (hereinafter "IDCPA"), and the invasion of the Plaintiff's personal privacy by this Defendant and their agents in their illegal efforts to collect a consumer debt.

1

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 pursuant to the TCPA and FDCPA claims, a federal cause of action, and supplemental jurisdiction exists for the state law IDCPA claim pursuant to 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III. PARTIES

4. Plaintiff, Aplin, is a natural person residing in Polk County, Iowa.

5. Defendant, Portfolio Recovery, is a Virginia business entity, who is engaged in the collection of debts allegedly owed to another in the State of Iowa.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

## IV. FACTUAL ALLEGATIONS

8. At some point in time, in approximately 1997, the Plaintiff incurred a financial obligation to a cell phone carrier company, primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

9. The Plaintiff purchased a cellular phone for his son. The Plaintiff's son incurred charges on the cellular phone which exceeded the amount of the plan.

10. As a result of the additional charges, the Plaintiff personally visited the cell phone carrier company, explained that he was no longer interested in the phone service and tendered payment to the cell phone carrier company in agreement to fully terminate the cell phone contract and return the phone. These events took place sometime in 1998.

11. The Plaintiff began receiving collection calls from the Defendant on the above-referenced cellular phone charges as early as 2007. During that time, the Defendant was contacting the Plaintiff on his residential phone line. The Plaintiff's residential phone was the number provided as contact to the original cell phone carrier company.

12. During the initial collection calls from the Defendant, the Plaintiff repeatedly disputed the charges allegedly owed. The Plaintiff explained to the Defendant on multiple occasions that the account was terminated and satisfied in full, that he disputed the amount alleged by the Defendant and that the Plaintiff believed no balance was owed on the account.

13. The Defendant continued to place collection calls to the Plaintiff's home phone between the years 2007-2012.

14. Sometime during January, 2012, the Plaintiff obtained a cell phone with a new number. The phone number associated with the Plaintiff's cell phone was never provided to the Defendant as an authorized contact number.

15. At no point in time did the Plaintiff expressly authorize the Defendant to contact the Plaintiff's cell phone.

16. Sometime during February, 2012, the Plaintiff began receiving collection calls from the Defendant on his new cell phone.

17. These calls were placed by the Defendant through the use of an automated telephone dialing system ("ATDS") and/or by using artificial or pre-recorded messages.

18. On several occasions, the Plaintiff answered the calls and upon hearing an extended pause a representative came on the line and requested to speak with Charles Aplin. The Plaintiff again advised that the account was paid in full back in 1998 and that he disputed the amount owed. The Plaintiff then ended the phone call.

19. During each call answered by the Plaintiff, the Defendant failed to state the call was from a debt collector and that any information obtained would be used for that purpose.

20. The Plaintiff continued to receive calls from the Defendant on his cellular phone approximately two to three times per month from February, 2012 to the present date.

21. As a result of the Defendant's continued placement of unauthorized collection calls, the Plaintiff has experienced actual damages in the form of emotional distress, including but not limited to the following: embarrassment, humiliation, stress, confusion, loss of concentration, anger, frustration, loss of sleep, fear, anxiety, and a negative effect on his family relationships.

22. Each call on each occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692d(5), 1692e(2)(A), 1692e(8), 1692e(10), 1692e(11), 1692f, amongst others.

23. Each call on each occasion from Defendant was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(f), 537.7103(2)(d), 537.7103(4)(b), and 537.7103(5)(d), amongst others.

### *Telephone Consumer Protection Act*

24. At all times relevant to this Complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

25. At all times relevant to this Complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

26. Defendant at all times relevant to the Complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

27. The Defendant at all times relevant to the Complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. § 153(22).

28. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

29. At all times relevant to this Complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

30. Within one year immediately preceding the filing of this lawsuit, the Defendant telephoned the Plaintiff's cellular phone without express consent on numerous and multiple occasions in violation of the TCPA.

31. The Defendant and its collectors repeatedly called the Plaintiff on his cell phone using an automatic telephone dialing system ("ATDS") in an attempt to collect this debt.

### *Respondeat Superior Liability*

32. The acts and omissions of the Defendant and its representatives employed as agents by the Defendant who communicated with the Plaintiff as more further described herein, were committee within the time and space limits of their agency relationship with their principal, the Defendant.

33. The acts and omissions by the Defendant and its representative were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by the Defendant in collecting consumer debts.

34. By committing these acts and omissions against the Plaintiff, the Defendant and its representatives were motivated to benefit their principal, Defendant.

35. The Defendant is therefore liable to the Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by the Defendant and its collection employees, including but not limited to violations of the IDCPA, in their attempts to collect this debt from the Plaintiff.

## V.   FIRST CLAIM FOR RELIEF: VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Within the year period immediately preceding this action, the Defendant made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

38. The acts and or omissions of the Defendant were at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

39. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages.

40. The Defendant did not have the prior express consent of the Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone and in the event the Defendant did have express consent, that consent was clearly and unambiguously revoked in November, 2012.

41. All calls placed to the Plaintiff's cell phone subsequent to the notification that the phone called was not that of Shane Lowe in November, 2012 were made willfully.

42. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to the Plaintiff.

43. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

44. Plaintiff is entitled to injunctive relief prohibiting the Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

## COUNT I.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. Section 227 et seq.

- For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant and for Plaintiff;

- For an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant and for Plaintiff;

- For an injunction prohibiting the Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to 47 U.S.C. Section 227(b)(3)(a); and

- For such other and further relief as may be just and proper.

### VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The Defendant, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47. As a result of each and every one Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

### COUNT II.
### VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

### VII.   THIRD CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

48. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The Defendant, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

50. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

### COUNT III.
### VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT
### Iowa Code § 537.7103 et seq.

- For an award of actual damages pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

## VIII.   FOURTH CLAIM FOR RELIEF: INVASION OF PRIVACY

51. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The repeated unauthorized phone calls from the Defendant placed to the Plaintiff despite the Plaintiff's multiple disputes and requests to cease contacting the Plaintiff, violated the Plaintiff's right to privacy.

53. The Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

54. The Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive and illegal conduct in the course of collecting a debt and thereby invaded and intruded upon Plaintiff's right to privacy.

55. The Plaintiff had a reasonable expectation of privacy in the Plaintiff's solitude, seclusion, and or private concerns or affairs.

56. These intrusions and invasions by the Defendant occurred in a way that would be highly offensive to a reasonable person in the same position.

57. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial.

**WHEREFORE,** the Plaintiff, Charles Aplin, prays for judgment against Defendant in an amount representing full and fair compensation for the injuries and damages as set forth above, for such attorneys' fees, interest, and costs as allowed by law, and for such other relied as may be just under the circumstances.

## IX.   JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

  /s/ L. Ashley Zubal
L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF